Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 13-2487

LUCIANE MARIA DASILVA,

Petitioner,

v.

ERIC HOLDER, JR.,
Attorney General of the United States,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Chief Judge</u>,
Stahl and Kayatta, <u>Circuit Judges</u>.

<u>Harvey J. Bazile</u>, on brief for petitioner.
<u>Jessica E. Sherman</u>, Trial Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, <u>Song Park</u>, Senior Litigation Counsel, and <u>Stuart F. Delery</u>, Assistant Attorney General, Civil Division, on brief for respondent.

November 17, 2014

**PER CURIAM**.   Petitioner Luciane Maria DaSilva seeks review of a decision and order of the Board of Immigration Appeals ("BIA") affirming an order of an Immigration Judge ("IJ"). The IJ found that DaSilva entered into a fraudulent marriage with a United States citizen in order to procure illegal admission into the United States as a lawful permanent resident, and thus ordered her removed. For the reasons set forth below, we deny her petition for review.

On January 5, 2007, DaSilva, a native and citizen of Brazil, married Rafael Gonzalez, a United States citizen. On July 26, 2007, DaSilva's immigration status was adjusted to that of a lawful permanent resident based on her marriage. On June 6, 2010, she submitted a naturalization application to United States Citizenship and Immigration Services ("USCIS") that was denied in July 2011. In March 2011, after determining that DaSilva obtained her permanent-resident status by entering into a fraudulent marriage with Gonzalez, the Department of Homeland Security ("DHS") commenced removal proceedings against her. DaSilva was charged with removability under 8 U.S.C. § 1227(a)(1)(A), and her inadmissability was based on 8 U.S.C. § 1182(a)(6)(C)(I).

At the removal hearing, Maria Helena Knoller was the primary witness for DHS. Knoller, previously an immigration-form preparer, had pleaded guilty in United States District Court to concealing and shielding illegal aliens and to aiding and abetting

marriage fraud. The record included Knoller's conviction documents as well as a sworn declaration identifying aliens for whom she had arranged fraudulent marriages. The documents reflected that Knoller had facilitated fraudulent marriages for thirty-two couples and had documented the marriages in her records by the couples' initials, date of marriage, and place of marriage. One of the couples listed, "R.G." and "L.M.D.", married on January 5, 2007 in Brattleboro, VT, corresponded to the date and location of Gonzalez and DaSilva's marriage.

Knoller testified that she received $7,800 from DaSilva to arrange a fraudulent marriage, that she introduced DaSilva to Gonzalez, and that Gonzalez also received compensation for his participation in the marriage.

During the removal hearing, DaSilva testified that she met Gonzalez at a friend's house in Springfield, Massachusetts on Thanksgiving Day, 2005 and that they decided to get married on January 5, 2007 at a ski resort in Vermont because they were in love. She explained that she later separated from Gonzalez after he impregnated another woman and spent several months incarcerated. Additionally, DaSilva admitted that although she and Gonzalez did not live together after August 2010, she falsely reported that they were both living at her employer's residence after that date. She included the false information on her naturalization application, lied under oath to that effect during her naturalization interview,

and arranged and filed a fraudulent letter from her employer with USCIS.

The IJ found that Knoller's testimony was credible, as it was consistent with her declaration and the criminal information filed against her in district court. The IJ determined that DaSilva, on the other hand, was not credible, noting that she could not recall the name of the friend who introduced her to Gonzalez, Gonzalez's sister's name, the name of the town in Vermont where she and Gonzalez married, the name of the woman who had Gonzalez's child while DaSilva and Gonzalez were still married, or where Gonzalez was incarcerated for three months during their marriage, and that she admitted to misrepresenting her living situation. The IJ concluded that DHS met its burden of establishing by clear and convincing evidence that DaSilva was subject to removal for having fraudulently married Gonzalez in order to procure an immigration benefit. The BIA affirmed and adopted the IJ's decision.

We review the IJ's findings of fact and determinations of credibility under the substantial evidence rule, upholding the decision "so long as it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Syed v. Ashcroft, 389 F.3d 248, 251 (1st Cir. 2004) (internal quotations and citation omitted). "Since the IJ has the best vantage point from which to assess the witnesses' testimonies and demeanors," our review of the IJ's factual findings and credibility determinations

-4-

is highly deferential.  <u>Cuko</u> v. <u>Mukasey</u>, 522 F.3d 32, 37 (1st Cir. 2008).

DaSilva contends that the government did not meet its burden of proving by clear and convincing evidence that she was subject to removal as charged.  She avers that the IJ erred in crediting Knoller's testimony, in discrediting her own testimony, and in not requiring the government to present documentary evidence that the marriage was fraudulent.

We disagree. Substantial evidence supports the IJ's credibility determinations.  First, Knoller's testimony that DaSilva paid her to arrange a fraudulent marriage was corroborated by her declaration and the information filed against Knoller in her criminal proceedings.  DaSilva provided minimal evidence to refute this testimony.  <u>Cf.</u> <u>Cho</u> v. <u>Gonzales</u>, 404 F.3d 96, 103-04 (1st Cir. 2005) (concluding that alien made strong showing that marriage was legitimate by introducing evidence that they engaged in lengthy courtship, cohabitated, enrolled jointly in health-insurance policy, opened joint bank accounts, filed joint tax returns, entered auto-financing agreements, and secured a joint credit card).

Second, DaSilva's testimony lacked detail, was inconsistent with the documents in the record, and was unreliable.  <u>See, e.g.</u>, <u>Syed</u>, 389 F.3d at 252 (holding that respondent's vagueness and contradiction supported adverse credibility

determination).  At the hearing, DaSilva was unable to recall specifics about her "husband" and her married life.  See Rodriquez Del Carmen v. Gonzales, 441 F.3d 41, 43-44 (1st Cir. 2006) (holding that wife's inability to recall important details of her married life sustained finding that she never lived with or had relations with alien).  Moreover, DaSilva admitted to submitting a fraudulent document, lying under oath, and including false information on her naturalization application.  Cf. Syed, 389 F.3d at 252 (holding that IJ's adverse credibility finding entitled to deference where IJ's reasoning was based in part on alien's submission of fraudulent letter, undermining alien's credibility).

As the IJ's credibility findings are supported by substantial record evidence, we DENY DaSilva's petition for review.